**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-23151-BLOOM/Otazo-Reyes**

STATE OF FLORIDA DEPARTMENT OF FINANCIAL SERVICES

     Plaintiff,

v.

ACE AMERICAN INSURANCE CO.,

     Defendant.

_____/

## <u>ORDER REMANDING CASE</u>

**THIS CAUSE** is before the Court upon a *sua sponte* review of Defendant's Notice of Removal, ECF No. [1] ("Notice"). The Court has also reviewed Plaintiff's Complaint ("Complaint"), ECF No. [1-1] at 8-14, which was removed from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court. For the reasons set forth below, the Court finds that Defendant has failed to establish the existence of subject matter jurisdiction in this case.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of

the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

In the Notice, Defendant asserts that this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. ECF No. [1]. "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also* 28 U.S.C. § 1332(a).

"To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (citation omitted). Even so, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of

damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand." *Chiu v. Terminix Co. Int'l, L.P.*, No. 8:16-cv-306-T-24 JSS, 2016 WL 1445089, at *1 (M.D. Fla. Apr. 13, 2016) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

The Court first reviews the allegations in the Complaint—the operative pleading—to determine whether the amount in controversy is satisfied. Plaintiff's Complaint asserts claims for breach of an insurance contract under which Plaintiff is an additional insured party and for equitable subrogation. ECF No. [1-1] at 12-14. Plaintiff claims that under the policy Defendant had a duty to defend and indemnify Plaintiff against any claims made against it, including specifically the lawsuit brought by Silvio Maurer, ("Maurer"), and that Defendant wrongfully failed and refused to defend Plaintiff in that suit. *Id.* at 12; *see also Silvio Maurer v. DBI Services LLC et al,* Case No. 2022-000593 CA 01, ("Maurer Suit"). Significantly, in the first paragraph of the Complaint, Plaintiff alleges only that: "[t]his is an action for money damages in excess of

Fifteen Thousand Dollars ($15,000.00)." ECF No. [1-1] at 8, ¶ 1. As such, it is not facially apparent from the Complaint that the amount in controversy is satisfied.

Because Plaintiff does not plead a specific amount of damages, the Court next looks at the Notice to determine whether the amount in controversy is satisfied, mindful that it is Defendant's burden to establish subject matter jurisdiction. Defendant contends that the amount in controversy is satisfied because "Plaintiff seeks to recover from Defendant monetary damages well over $75,000.00 for defense and indemnity coverage of a personal injury lawsuit allegedly causing severe, permanent damages." ECF No. [1] at 4. The Complaint, and Notice however, do not specify the extent of the legal fees incurred in defending the Maurer Suit nor the amount of any possible award in the Maurer Suit.

Defendant asserts further that the amount in controversy is satisfied because "the subject insurance contract provides coverage limits of $2 Million for each occurrence, with an umbrella liability policy providing $25 Million for each occurrence." *Id*. Where "there is no controversy involving the face value of the policy… it would make no sense to consider the policy's face value to be the amount in controversy." *Friedman v. New York Life Ins. Co*, 410 F.3d 1350 (11th Cir. 2005). When addressing controversies over life insurance policies, the Eleventh Circuit has held that the face value of the policy can satisfy the amount in controversy requirement for diversity jurisdiction. *See Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93 (11th Cir. 1996); *Anderson v. Wilco Life Ins. Co.,* 943 F.3d 917, 926 (11th Cir. 2019). Here though, the insurance policy is neither a life insurance policy nor is there a controversy involving the policy's face value and so the face value of the policy cannot be construed as the amount in controversy.

The Court notes that while Defendant's ultimate liability may very well exceed $75,000.00, it may very well not. "A conclusory allegation in the notice of removal that the jurisdictional

amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-1320; *see also Burns*, 31 F.3d at 1097 (finding defendant failed to satisfy burden of proof regarding amount in controversy where defendant offered only conclusory allegations); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254-55 (5th Cir. 1961)[1] (stating that removing defendant must make "an affirmative showing . . . of all the requisite factors of diversity jurisdiction" and that "the amount in controversy being open was ground for remand.").

As such, the Court finds that Defendant's Notice is facially deficient in that it fails to demonstrate that the $75,000.00 amount-in-controversy requirement has been satisfied. The Court, therefore, concludes that diversity jurisdiction is lacking, rendering it without subject matter jurisdiction to preside over Plaintiff's claims.

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 30, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).